UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUIS NELSON,

    Petitioner,

v.

    Civil No. 22-cv-10575
    Hon. Matthew F. Leitman

MICHELE FLOYD,

    Respondent.

_____/

## ORDER (1) SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Marquis Nelson is a state inmate in the custody of the Michigan Department of Corrections. He is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan.

On March 11, 2022, Nelson filed a *pro se* petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In the petition, Nelson claims that he is being denied medical care by prison medical staff for a growth on his nose. (*See id.*) For the reasons stated below, the Court **DISMISSES** Nelson's petition **WITHOUT PREJUDICE**.

1

# I

## A

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *See* Rule 4. *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining that under Section 2243, a district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (recognizing that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient"); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999) (same). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.

Where a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a petition for a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims that challenge the conditions of confinement should instead be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action").

Here, Nelson's claims are non-cognizable in habeas because he is challenging the conditions of his confinement, not the fact or duration of his imprisonment. As noted above, in his petition, Nelson says that he is "being treated inhumanely and being denied proper health care treatment" in violation of MDOC policy directives. (Pet., ECF No. 1, PageID.6.) More specifically, Nelson claims that he has a growth on his nose, and he says that even though he "has been informing health care" that the "growth on [his] nose has been growing and continues to become very painful and bigger … health care has refused to provide [him] proper treatment." (*Id.*, PageID.7.) Nelson therefore seeks release so that he can "receive [] proper health care treatment." (*Id.*, PageID.8.) But, importantly, while Nelson seeks release from

3

custody so he can obtain medical care, he does not allege that there is no medical care available at the prison where he is incarcerated or that the conditions of his confinement could not be improved if medical care was provided to him in prison. Thus, Nelson's claim that prison officials are failing to provide him with proper medical care for his nose is non-cognizable on habeas review and should instead be brought as a civil rights complaint under Section 1983. *See In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (noting that prisoner's claim that he was receiving "improper medical care" could not be pursued in a habeas petition filed under 28 U.S.C. § 2254). Because Nelson's claim about the failure of prison officials to provide him with medical care challenges only the conditions of his confinement, his claim "fall[s] outside of the cognizable core of habeas corpus relief." *Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006). Nelson is therefore not entitled to federal habeas relief.

**B**

The proper course of action for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow the petitioner to raise his potential civil rights claim properly as a Section 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the

4

Court will dismiss Nelson's habeas petition without prejudice to Nelson's ability to re-file his claims in a separate civil rights complaint.

### C

Before Nelson may appeal the Court's decision, the Court must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, the Court declines to issue Nelson a certificate of appealability because "jurists of reason" would not find debatable this Court's decision that Nelson's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than as a habeas action.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is a lower standard than the standard for a certificate of

appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  A court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).  Here, the Court concludes that an appeal could be taken in good faith. Nelson may therefore proceed *in forma pauperis* on appeal.

## II

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Nelson's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

- A Certificate of Appealability is **DENIED**; and

- Nelson is **GRANTED** permission to appeal *in forma pauperis*.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126