UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUIS NELSON,

    Petitioner,                                                  Civil No. 22-cv-10575
                                                              Hon. Matthew F. Leitman

v.

MICHELE FLOYD,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION (ECF No. 7)**

Petitioner Marquis Nelson is a state inmate in the custody of the Michigan Department of Corrections. On March 11, 2022, Nelson filed a *pro se* petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In the petition, Nelson claimed that he was being denied medical care by prison medical staff for a growth on his nose. (*See id.*)

The Court reviewed the petition and, on April 18, 2022, it dismissed the petition without prejudice. (*See* Order, ECF No. 5.) The Court explained that "Nelson's claims are non-cognizable in habeas because he is challenging the conditions of his confinement, not the fact or duration of his imprisonment." (*Id.*, PageID.27.) The Court therefore concluded that "Nelson's claim that prison officials are failing to provide him with proper medical care for his nose … should

1

instead be brought as a civil rights complaint under Section 1983." (*Id.*, PageID.28, citing *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013).)

Nelson has now filed a motion for reconsideration. (*See* Mot., ECF No. 7.) Motions for reconsideration in this Court are governed by Local Rule 7.1(h). That rule provides as follows:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2)(A)-(C).

The Court has carefully reviewed Nelson's motion for reconsideration, and it concludes that Nelson is not entitled to relief. Nelson first argues that the Court erred when it "recharacterized the petition from a 28 U.S.C. § 2241 into a § 2254" and then applied the wrong "standard of review to the petition." (Mot., ECF No. 7, PageID.32.) Nelson further insists that under the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003), and the United States Court of Appeals

2

for the Second Circuit's decision in *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), the Court needed to "provide [him] notice and warning" when it "recharacterize[d his] petition." (*Id.*, PageID.32-33.) Finally, Nelson asserts that his habeas petition was the proper vehicle "to raise issues dealing with the conditions of [his] confinement." (*Id.*, PageID.32.)

      The Court rejects Nelson's arguments for several reasons. First, the Court did not "recharacterize" Nelson's petition from a Section 2241 petition "into" a Section 2254 petition. Instead, the Court held that the claims raised in Nelson's habeas petition were more properly raised in a civil motion brought under 42 U.S.C. § 1983, and it dismissed his petition without prejudice so that he could pursue relief under that statute. Second, Nelson's reliance on *Castro* and *Adams* is misplaced. In both of those cases, the Supreme Court said that before a district court recharacterizes a filing by a prisoner as a habeas petition brought under Section 2255, it must provide notice and an opportunity to be heard. Providing such notice and warning is required in that context because "[s]uch recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." *Castro*, 540 U.S. at 377. There are no such similar "serious consequences" here where the Court dismissed Nelson's habeas petition without prejudice and directed him to re-file the petition as a civil action under

3

Section 1983. Thus, both *Castro* and *Adams* do not speak to the Court's dismissal of Nelson's claim here. Finally, Nelson has not persuaded the Court that it erred when it concluded that his action must be brought under Section 1983.

For all of these reasons, Nelson's motion for reconsideration (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126